UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALMAN MUFLIHI,<br><br>                              Plaintiff,<br><br>-against-<br><br>RIKERS ISLAND EMPLOYEES: SERGEANTS ON DUTY, JOHN DOE, JANE DOE; "PROGRAM SERGEANT"; CORRECTIONAL OFFICERS ON DUTY, JOHN DOES, JANE DOE; ISLAMIC AFFAIRS COORDINATOR – IMAM; MUSLIM CHAPLAIN OR THE DIRECTOR OF MINISTERIAL, FAMILY AND VOLUNTEER SERVICES, sued individually and in their official capacities,<br><br>                              Defendants. | 24-CV-0395 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at Attica Correctional Facility, paid the filing fees to commence this *pro se* action under 42 U.S.C. § 1983. He alleges that while he was a pretrial detainee at Rikers Island, Defendants violated his right to the free exercise of his religion. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[Section] 1915A applies to

all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." (citation omitted)). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff brings this action alleging that while he was incarcerated at Rikers Island, he was denied his right to the free exercise of his religion. He names the following as defendants:

(1) John and Jane Does sergeants on duty; (2) "Program Sergeant"; (3) John and Jane Does correctional officers on duty; (4) "Islamic Affairs Coordinator – Imam"; and (5) Muslim Chaplain or the Director of Ministerial, Family and Volunteer Services.

The following facts are drawn from the complaint. Plaintiff, who is a Muslim from Yemen, was detained on Rikers Island from February 26, 2021 to October 1, 2022. While there, correction staff violated his religious rights "by denying him Ramadan meals, no fast, no services, [and] no Ramadan callout list for the Muslims." (ECF 1, at 2.)[1] Although correction officers were aware that the Muslim detainees were fasting during the month of Ramadan, they "did not see to the Muslims getting their proper meals" during that time. (*Id*. at 3.) Instead of properly serving meals to the Muslim detainees, the correction officers "threw food everywhere without a care." (*Id*.) Plaintiff was also not allowed to participate in the "Eid al Fitr Feast" or receive the "Eid meal," to mark the end of Ramadan. (*Id*. at 3.)

Plaintiff, who is not a native English speaker, asked other prisoners to assist him in filing a grievance about the violations. However, "[n]o hearing or grievance log number" was given to him when he attempted to file the grievance, and when he asked about the status of grievance, unidentified correction officers threatened him with a ticket. (*Id*.)

Plaintiff brings this action asserting that Defendants deprived him of his rights under the Constitution by impeding his religious practice during Ramadan. (*Id*. at 4.) He seeks money damages.

---

[1] The Court quotes from the complaint verbatim, and all spelling, grammar, and punctuation are as in the original, unless noted otherwise.

3

## DISCUSSION

A.     **Religious Freedom Claim**

The Court construes Plaintiff's allegations that correction staff at Rikers Island restricted Muslim detainees' ability to practice their religion during Ramadan as asserting claims under the Free Exercise Clause of the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

It is well established that the First Amendment affords prisoners constitutional protection to practice their religion. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (holding that "[i]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion" (internal quotation marks and citations omitted)); *see also Kravitz v. Purcell*, 87 F.4th 111, 127 (2d Cir. 2023) (same). However, in the prison context, alleged violations of the right to free exercise are "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *Id*. at 349; *see Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990) ("Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, are the interests of prison officials charged with complex duties arising from administration of the penal system." (citation omitted)).

To assess a prisoner's free exercise claim, "a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate penological objectives." *Kravitz*, 87 F.4th at 128 (alterations adopted) (quoting *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988)). As long as a restriction on an inmate's religious practice "is

4

reasonably related to legitimate penological interests," that restriction does not violate the First Amendment. *Turner v. Safely*, 482 U.S. 78, 89 (1987).

Under RLUIPA, the government may not "substantial[ly] burden" an institutionalized person's religious exercise unless the burden furthers a compelling governmental interest by the least restrictive means.[2] *Jova v. Smith*, 582 F.3d 410, 415 (2d Cir. 2009). RLUIPA provides institutionalized persons with "greater protection" to exercise their religious beliefs than the First Amendment. *Holt v. Hobbs*, 574 U.S. 352, 361-62 (2015) ("RLUIPA's 'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise."). A "substantial burden" is one that places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Singh v. Goord*, 520 F. Supp. 2d 487, 498 (S.D.N.Y. 2007) (citing, *inter alia*, *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir.1996)). Inconvenience alone is insufficient to establish a substantial burden. *Id.* (citing *Westchester Day Sch. v. Vill. of Mamaroneck*, 379 F. Supp. 2d 550, 557 (S.D.N.Y. 2005)).

Plaintiff alleges that while he was detained at Rikers Island, correction staff restricted Muslim detainees' ability to practice their religion by failing to ensure that they could fast, have services, and receive proper religious meals. His allegations may be sufficient to suggest that correction staff at Rikers infringed on his sincerely held religious beliefs in violation of the First Amendment or RLUIPA. However, Plaintiff does not provide sufficient information about when

---

[2] RLUIPA does not provide for monetary damages against state officials sued in their official capacities. *Sossamon v. Texas*, 563 U.S. 277, 293 (2011). And the Second Circuit has held that RLUIPA does not create an implied private right of action against state officials sued in their individual capacities. *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) (per curiam). Thus, under RLUIPA, an incarcerated person may only seek injunctive relief against a state official.

the alleged deprivations occurred during the eighteen months he was detained at Rikers Island to enable identification of the John and Jane Doe defendants he sues.³ To proceed with this action, Plaintiff must file an amended complaint in which he provides the specific dates that he was restricted from practicing his religion and describes, to the best of his ability, the correction officers who were involved in the alleged violations and what each individual did to violate his rights.

B.      **Personal Involvement and Municipal Liability**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

---

³ Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). The Court would normally direct the New York City Department of Correction ("DOC") and the New York City Law Department to assist Plaintiff in identifying the John Doe defendants. However, without some basic identifying descriptions of the correction officers involved in the alleged violations, it will be impossible for the DOC and the Law Department to ascertain the identities of the correction officers. *See Lapoint v. Vasiloff*, No. 15-CV-185, 2016 WL 951566, at *5 (N.D.N.Y. Mar. 9, 2016) ("[T]he plaintiff is ultimately required to . . . provide sufficient factual basis to allow the defendants to successfully identify the John Doe Defendants and prepare for a defense.").

Plaintiff seeks to bring claims against the "Islamic Affairs Coordinator – Imam," the Muslim Chaplain, or the Director of Ministerial, Family and Volunteer Services, all of whom he alleges were employed at Rikers Island. He indicates that the individuals in those positions had the responsibility of ensuring that his religious rights were not restricted during Ramadan. Plaintiff does not allege, however, how these defendants were personally involved in the events underlying his claims or that they did anything specifically to violate his rights. The Court grants Plaintiff leave to amend his complaint to allege facts suggesting that the Iman, Chaplain or Director were personally and directly involved in violating his right to the free exercise of his religion.

To the extent Plaintiff's assertions could be read as claims against the Iman, Chaplain, or Director in their official capacities, such claims can be construed as asserted against the City of New York, as Plaintiff may be attempting to assert municipal liability claims concerning DOC's policy and practice. *See, e.g.*, *Nassau Cnty. Emp. "L" v. Cnty. of Nassau*, 345 F. Supp .2d 293, 298 (E.D.N.Y. 2004) (noting that "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself" (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991))). However, to sue a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

To state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted). "Liability under section 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has tortiously injured the plaintiff." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013).

Here, Plaintiff does not allege any facts suggesting that the City of New York has a policy, custom, or practice that caused the alleged deprivations. If Plaintiff wishes to assert municipal liability claims under Section 1983 against the City of New York in his amended complaint, he must name the City of New York as a defendant and allege facts suggesting that the City has a policy, practice, or custom that caused a violation of his rights.

**C.      State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because Plaintiff has been granted leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims he may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

8

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the alleged deprivations implicate Plaintiff's right to the free exercise of his religion, the Court grants him leave to amend the complaint to provide more information on the John and Jane Doe correction officers and any other defendant he seeks to sue.

### A.    John Doe or Jane Doe Defendants

Plaintiff must name as the defendants in the caption[4] and in the statement of claim of his amended complaint those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of Doe defendants, however, does *not* toll the three-year statute of limitations period governing Plaintiff's claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any Doe defendants and amending his complaint to include the identity of such defendants before the statute of limitations period expires. Should Plaintiff seek

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2023, at the [name of the facility], during [times of shift].

to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

**B.      Statement of Claim**

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include in the amended complaint all of the information that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-0395 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 6, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                                     Plaintiff's Signature

_____          _____
First Name            Middle Initial                    Last Name

_____
Prison Address

_____
County, City                                State                        Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____