UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SALMAN MUFLIHI,

                             **Plaintiff,**                      24-CV-395 (VEC) (VF)

          -against-                                 **ORDER OF SERVICE**

RIKERS ISLAND EMPLOYEES, et al.,

                            **Defendants.**
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Plaintiff, proceeding *pro se*, recently filed an Amended Complaint adding Imam Abdur-Rahman Kareem as defendant. ECF No. 41. Because Plaintiff has been granted permission to proceed *in forma pauperis*, he is entitled to rely on the Court and the U.S. Marshals Service to effectuate service.[1] Walker v. Schult, 717 F.3d. 119, n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

      To allow Plaintiff to effectuate service on Defendant Imam Abdur-Rahman Kareem through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form"). The Clerk of Court is further

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effectuated service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effectuate service upon Defendant Abdur-Rahman Kareem.

If the Amended Complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Imam Abdur-Rahman Kareem, complete the USM-285 form with the address for the Defendant, and deliver all documents necessary to effectuate service to the U.S. Marshals Service.

**SO ORDERED.**

VALERIE FIGUEREDO
United States Magistrate Judge

DATED:   May 9, 2025
         New York, New York

## SERVICE ADDRESS FOR DEFENDANTS

1. Iman Abdur-Rahman Kareem, Shield #44
   Legal Division, New York City Department of Correction,
   75-20 Astoria Blvd S, Suite 305, E. Elmhurst, NY, 11370