UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SALMAN MUFLIHI,

                         **Plaintiff,**            24-CV-395 (VEC) (VF)

        -against-                          **ORDER**

RIKERS ISLAND EMPLOYEES, et al.,

                         **Defendants.**

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      The Court construes Plaintiff's April 23, 2025 letter (ECF No. 42) as a request for the appointment of pro bono counsel for "discovery only." For the reasons set forth below, the request is denied without prejudice.

      Among the factors to be considered in ruling on a motion for pro bono counsel is the party's ability to pay for private counsel, the party's efforts to obtain a lawyer, the availability of counsel, and the party's ability to gather the facts and deal with the issues if not assisted by counsel. See Cooper v. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989). Plaintiff is proceeding *in forma pauperis* (see ECF No. 40), and thus Plaintiff is demonstrably indigent. Plaintiff, however, has not explained what steps he has taken to find an attorney. And although Plaintiff is incarcerated, that alone does not excuse Plaintiff's obligation to explain what steps he has taken to obtain counsel. See, e.g., Young v. Carter, No. 21-CV-08973 (MKV), 2022 WL 563190, at *2 (S.D.N.Y. Feb. 24, 2022) (denying request for pro bono counsel where incarcerated pro se plaintiff proceeding *in forma pauperis* failed to provide "any information regarding [his] efforts to obtain counsel"); Williams v. Nicholson, No. 12-CV-8300 (RJS) (KNF), 2013 WL 1800215,

at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered; this is so because the failure to make any effort to engage counsel makes it impossible for a court to find that the applicant will be unable to obtain counsel through his or her own efforts."); Ahmad v. White Plains City Sch. Dist., No. 18-CV-3416 (KMK), 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) ("Because Plaintiff has not demonstrated that he made any effort to engage counsel, his request must be denied.").

Accordingly, Plaintiff's request for pro bono counsel is denied without prejudice. If Plaintiff elects to renew the request for the appointment of pro bono counsel for "discovery only," Plaintiff should explain in the application what steps he has taken to find an attorney. Additionally, Plaintiff is encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project for guidance on how to find an attorney and for guidance on obtaining discovery from Defendants in this action, if Plaintiff is unsuccessful in obtaining an attorney. The Project can be reached at (212) 382-4794. Further information about the pro se legal assistance project is attached to this Order.

The Pro Se Office is directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**
DATED:    May 12, 2025
          New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.