UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SALMAN MUFLIHI,

                          Plaintiff,                    24-CV-395 (VEC) (VF)

         -against-                            **ORDER**

RIKERS ISLAND EMPLOYEES, et al.,

                          Defendants.

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On April 23, 2025, Plaintiff requested the appointment of pro bono counsel for "discovery only." ECF No. 42. The Court denied the request without prejudice because Plaintiff failed to explain the steps he had taken to find an attorney. ECF No. 44. On June 26, 2025, Plaintiff renewed his request for appointment of pro bono counsel for purposes of discovery. ECF No. 48. For the reasons discussed below, Plaintiff's request is **GRANTED.**

      Among the factors to be considered in ruling on a motion for pro bono counsel is the party's ability to pay for private counsel, the party's efforts to obtain a lawyer, the availability of counsel, and the party's ability to gather the facts and deal with the issues if not assisted by counsel. See Cooper v. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989). Courts also consider the "merits of the case." See Zaerpour v. Bank of Am. Corp., No. 23-CV-0040 (LTS), 2023 WL 1821002, at *3 (S.D.N.Y. Feb. 8, 2023). "While the Court should not appoint counsel 'indiscriminately' just because an indigent litigant makes such a request, it is not necessary for the plaintiff to demonstrate that his claims will survive a motion to dismiss or a motion for summary judgment; rather, the Court must find that the claims satisfy a 'threshold showing of

merit.'" Rush v. Artuz, No. 00-CV-3436 (LMM) (DF), 2001 WL 1313465, at *3 (S.D.N.Y. Oct. 26, 2001) (quoting Hendricks v. Coughlin, 114 F.3d 390, 393-94 (2d Cir. 1997)).

Plaintiff is demonstrably indigent as he is proceeding *in forma pauperis*. See ECF No. 40. With regards to Plaintiff's efforts to obtain a lawyer, Plaintiff, who is incarcerated, explains that he asked "a few fellow [inmates]," for counsel referrals, but he was unable to obtain the name of any attorney who would be willing to represent him. ECF No. 48. Plaintiff further represents that the "lawyers['] digest in the facility's law library" did not indicate which lawyers would be willing to represent him in this civil case. Id.

Finally, Plaintiff alleges that he is Muslim, and while detained at Rikers Island was denied Ramadan meals and services. ECF No. 1 at 2-3. Plaintiff further alleges that he attempted to file a grievance but was "threatened with a ticket" whenever Plaintiff asked about the status of his grievance. Id. at 3. Plaintiff asserts a claim under 19 U.S.C. § 1983 for violation of his First, Eighth, and Fourteenth Amendment rights. Id. Construed liberally, Plaintiff's allegations suffice to demonstrate a threshold showing of merit, in that "at least some aspects of his Section 1983 claim are likely to be of substance." Hendricks, 114 F.3d at 393-94 (internal quotation marks and citations omitted); see, e.g., McEachin v. McGuinnis, 357 F.3d 197, 205 (2d Cir. 2004) (instructing district court to consider appointing counsel to represent plaintiff in case where prison policies limited plaintiff's ability to observe Ramadan); Brandon v. Royce, No. 16-CV-552 (VLB), ECF No. 85 (S.D.N.Y. Apr. 9, 2019) (appointing pro bono counsel for plaintiff asserting a claim under Section 1983 based on allegations that defendants infringed on inmate's ability to observe Eid-al-Adha); see also Shepherd v. Fisher, No. 08-CV-9297 (RA), 2017 WL 666213, at *33 (S.D.N.Y. Feb. 16, 2017) (explaining that "denial of even one religious meal that

prevented the inmate from participating in a religious holiday important to that inmate's practice of his religion" can amount to a constitutional violation).

Accordingly, the Court finds that it would be reasonable and appropriate to grant Plaintiff's application for the appointment of counsel for the limited purpose of assisting Plaintiff with discovery. The Pro Bono Administrator is directed to appoint pro bono counsel to represent plaintiff.

**SO ORDERED.**

DATED:   July 7, 2025
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge